is number 22-1451, Fred Kleiner v. Cengage Learning Holdings II, Incorporated, et al. At this time, would Attorney Weingarten please introduce himself on the record to begin? Your Honor, if I can reserve three minutes for rebuttal, I'd appreciate that. Yes, you may. Thank you very much. May it please the Court, my name is Richard Weingarten on behalf of Plaintiff Appellant Fred Kleiner. This is a straightforward appeal based on the District Court's erroneous analysis of a choice of law provision. The District Court's order on Cengage's motion to dismiss contained two errors. First, that the agreement's New York choice of law provision was enforceable, and second, even assuming its enforceability, that it applied to Mr. Kleiner's 93A claim. This Court's reversal of either issue would require the denial of Cengage's motion to dismiss. With respect to the enforceability issue, the District Court overlooked the applicable standard entirely. As this Court recently confirmed in Duvall-Tech v. Fang, a choice of law provision will not be enforced if the chosen state does not have a substantial relationship to the parties or transaction, nor is there any other reasonable basis for the chosen state's law, or the law of the chosen state would conflict with a Massachusetts fundamental policy. Let me ask, is there anything in Section 93A, some provision, I haven't seen one, that says that provision cannot be trumped by a choice of law clause in a contract? Not to my knowledge, Your Honor, no. The District Court's, going back to where I was, the District Court's decision did not address the two issues that were raised by Mr. Kleiner in opposition to the motion. It seemingly decided the issue that the choice of law provision was enforceable on the fundamental policy element, but it did not address whether or not there was a substantial relationship or a reasonable basis for the chosen state's law, which is the basis upon which Mr. Kleiner opposed the motion. Your position in a nutshell, if I understand it, is that the no reasonable basis grounds has to be fact-based on the actual transaction, rather than what can just, one can think of reasons in theory. Correct, that it would be a subjective inquiry rather than an objective inquiry, based on the party's actual intent in the case and based on the conduct of the actual parties. That's correct, Your Honor. And then what's your best authority for that proposition? We're not aware of any case law which explicitly finds one way or another whether or not it's objective or subjective. However, case law suggests that it is subjective, and just the practical interpretation or the practical application of it seems to suggest that it should be subjective. A number of courts in Massachusetts, as well as this court in Duhatec, made that decision based on, quote-unquote, record evidence of the party's intent. In terms of application, if it were an objective analysis that would allow any party, like Cengage Attempts to do here, to create post hoc justifications years or even decades after a contract was formed, to justify why a provision was put into a contract years earlier, which would run contrary to the universal notion that courts are supposed to interpret contracts based on the party's intent. And why do we care whether the New York law applies or not? As I read the papers, there didn't appear to be a dispute regarding how to construe this contract in a way that Massachusetts and New York law disagreed at all. Well, if New York law applies, then we're not permitted to make the 93A claim, which is under Massachusetts law. Why is that? The contract says it will be governed and construed by New York law. That's correct. But there's nothing in New York law that would govern and construe this contract to exclude 93A claims in Massachusetts. Are you agreeing there is? Well, it's our position that it's inapplicable to 93A claims. Cengage's position is that if the choice of law provision governs any claims by and between the parties, which would in theory include the 93A claim, then we would be barred from filing a 93A claim because that would be under Massachusetts law and we're required to follow New York law. That's Cengage's position. Our position is that it's wholly inapplicable. That A is unenforceable based on the lack of the substantial relationship and the reasonable basis, but that even if it is enforceable, it's inapplicable because the 93A claim is not contract-based, but it's tort-based. And let me ask you, under New York law, there's no equivalent if you were in the court order, you know, that you apply New York law. There's no equivalent of 93A under New York law, correct? Not to my knowledge. It's not that it would allow Mr. Klein or the punitive class to bring claims similar to the ones that are asserted here. Counsel, I'd like to follow up on Judge Kayada's questions. In many ways, this seems to boil down to whether your complaint, which says it doesn't assert a contract claim, says it asserts a 93A claim. And to me, the dividing line isn't quite contract versus tort. It's whether even in a claim that may arise out of a contractual relationship, the methods used by one contracting party are unfair or deceptive. And there does seem to be a fair amount of Massachusetts, both federal and state, saying that when one party to a contract unfairly takes advantage of another and the other contracting party and deprives it of information and does it in a scheme to benefit itself, that that is a 93A claim. That is what I understood your essential claim to be. Do I have that correctly? You do, Your Honor, yes. All right. So let's start with the assumption that your complaint actually does sound in 93A. Then we work backwards to whether the clause in the contract about interpretation and governance of the contract, whether that language encompasses a 93A claim. So there is one SJC case that suggests that it certainly does not encompass a 93A claim. Victoria, I think? Yes. I believe that's the second sort of case that you're referencing there, Your Honor. No. I'm sorry. That was a value. I'm sorry. It was a Supreme Judicial Court case. So I may have misunderstood your argument, but I thought that's basically what it was. First, we have a valid 93A claim. Second, the choice of law clause just doesn't cover us whether we apply Massachusetts law or New York law. I think the analysis should start with looking at the scope of the choice of law provision. A number of Massachusetts courts and state court and district court have first looked at the scope of the choice of law provision to determine whether or not it's broad enough to encompass non-contract or non-contract tort-based claims such as 93A claims. Here, the provision is extremely narrow. It provides, quote, this agreement shall be construed and governed according to the laws of the State of New York. It does not extend to all of the rights and obligations between the parties, and it does not extend to all disputes between the parties, which a number of other courts have found that when there's a broader scope, but using that type of terminology, it could encompass a 93A claim. Here, it's only restricted to that the agreement shall be, quote, construed and governed according to the laws of the State of New York. Now, it's our position that that is expressly self-limiting such that by its plain terms, it's intended only to apply to the four corners of the agreement, and that our position is that thus it's not governing, does not govern a 93A claim. Let me ask you, if at some point, for example, let's assume we agree with you, you have your 93A claim, but at some point the district court is handling the case and there's an issue about the contract related, then that would be construed under New York law, but you still have independently your 93A claim under Massachusetts law. I think it would be very dependent on the exact scenario that occurred there. Because our only claim that's being made in this case is under 93A, I can't think of a scenario in which there would really need to be an interpretation of the contract. Or let's assume the case goes back, you have your 93A claim, and then you have a breach of contract because you can amend the complaint in theory. Then if you also have a contract claim, that would be New York law, but 93A would be Massachusetts law. To the extent it was based explicitly on terms of the contract, yes, I think that would be the case. But because our 93A claim falls outside of that, that would be governed by Massachusetts law. I'd like to pursue Judge Helpe's question a bit more. One of the troubling things about this case is it gets thrown out on a motion to dismiss. In DAWA, we actually had evidence about the party's intentions. Here, the test would seem to be, is there a plausible 93A claim? Is there a plausible construction of the agreement that would exclude the 93A claim? I tried to find some cases, Massachusetts and New York cases, about the procedural differences, and there don't seem to be a lot of them out there. Can you cite any case to us that goes to this procedural issue? Your Honor, that speaks to the enforceability argument, which going back to the substantial relationship and the reasonable basis test that we mentioned earlier, that those cases that we came across, like Your Honor just mentioned, were based on record evidence. That is part of why we believe the district court erred in this case, because the decision was being made based on a theoretical position that was being taken by Cengage. There's no evidence in the record to suggest the party's intent when choosing the provision, and it was on that basis which we think it erred. Okay, I have other questions, but I'll wait for your rebuttal. And let me, just one other question. I assume you're familiar with the Northeast Data Systems Inc. case from the First Circuit. That was California law, but the language in that case said, this agreement and the rights and obligations of the party shall be governed and construed under California law. That is different from your scenario, correct? That's exactly correct. And if that language were used in this case, you wouldn't be here. I think Your Honor is exactly right on that, and that is the major point that we were making in the enforceability issue, is that in this scenario, or the applicability issue, is that in this scenario, the contract here is much narrower and self-limiting, applying only to the construing and the governance of the contract, rather than all of the rights and the obligations of the parties or any disputes between the parties. Do you really mean you wouldn't be here if your contract read, as Judge Helke said, wouldn't you still be relying on your first argument that the choice of law clause is unenforceable? Correct. With regard to that argument, I think that argument would not stand in the same position  Okay, you have some time reserved. Thank you, Your Honors. Thank you, Counsel. At this time, would Attorney Gottfried please come to the podium and introduce himself on the record to begin? Good morning, Your Honors. Michael Gottfried for the appellees, Cengage et al. May it please the Court. When the parties express a specific intent as to the governing law, in the absence of a conflict with public policy, Massachusetts law is clear that it will honor the party's choice of law. The restatement goes on, presumes that, presumes, and that's important, and that's what the Hodes case says that this Court cited in Duha, the SJC's case in Hodes. The restatement presumes that the law the parties have chosen applies unless there's no substantial relationship to the parties and no other reasonable basis for the party's choice and no violation of a fundamental policy. The restatement also says that there's nothing inherently unreasonable about parties picking a neutral form for the choice of law. That's Section 187. Here, these parties, in Paragraph 23 of the publishing agreement that they referenced in the complaint, expressly chose New York law. I think it's interesting when you look at Paragraph 23 that it also has a form selection clause, and that form selection requires the author to sue in the forum where then the publisher actually resides. So it's a clause that addresses forum, and it's a clause that addresses choice of law. Choice of law, New York, for the duration of the contract, where the publisher resides, is temporal. There have been two amendments to this contract. Neither of them disturbed the choice of law. Let me, a couple, one thing puzzles me about Massachusetts law, and maybe you can help. Massachusetts courts say they follow the restatement. The restatement has two sections, Section 1 and Section 2, that are relevant. When Massachusetts law then says what the restatement test is, the courts exclusively cite Section 2, excluding Section 1. What are we to make of that? I think the fundamental principle under Massachusetts law is that if there's no violation of public policy, then you accept the party's choice. That's what I would make of it, and I think the key point here, and I think you touched on this in your questions earlier, Judge Lynch, is that the plaintiff here had a burden to plausibly allege in its complaint facts from which the court could evaluate if there was a basis to disregard the choice. In this case, if you go back and look at the complaint, they didn't even acknowledge that there was a choice of law provision in the contract, and they certainly made no factual allegations that plausibly alleged that there was a violation of public policy, that there was no reasonable relationship between the parties in the New York choice of law, or that there was any reasonable basis. It was absolutely silent on that, and so the lack of a record here is on the plaintiff, and they're held to that record. Now, I know from some other decisions I've read from you, Judge Lynch, that when you're put on notice in a motion to dismiss that this is the fundamental issue, they had two choices. They could file a motion to amend the complaint to make allegations that would speak to the issues that they say the trial court should have looked at. They elected not to do that. They did not file a motion to amend to make any allegations which would address the critical factual inquiry the court had to make if it was an issue in the case. Now, they did in a footnote indicate that if the court found that they did not plausibly allege a 93A claim, they wanted the court to then look at a proposed amended complaint, which I think was an improper method of doing that, but setting that aside, looking at that proposed amended complaint, it made no allegations, even after notice, that there was no reasonable basis, that there was no regional relationship, and there was no breach of fundamental policy. Now, in their papers they say, well, how do we prove a negative? Well, the fact is that Mr. Kleiner knows whatever it is that he knows about why the New York choice of law is in there, and even if his position is, I don't know why it's in there, he should have alleged that. But at a minimum, in order to create a plausible issue of fact in this case that would have caused Judge Stearns to look at anything, they had to at least allege there's no substantial basis for these parties to choose New York law, there's no reasonable basis, and there's a conflict. What in the record is there that we would look to to establish there was a reasonable basis for selecting New York law? Your Honor, two things. One, my fundamental argument is they have not put that in issue with any allegation in their complaint. I understand, but suppose we decide that when they say this shouldn't be enforced and you want to pick the law that would not ordinarily apply absent the clause in the contract, you need to have some reasonable basis for that State's law. If we were to say that, what would you then point us to in the record that would show a reasonable basis for selecting New York law? I would point to the court two things. One, I would point to the clause itself. Now, there are cases that say looking at the clause itself as a reasonable basis is ordinarily not sufficient. But this clause is not just that. This clause has two features. It has a perpetual New York choice of law, undisturbed by amendments twice, and it has a temporal form selection clause which can change over time based on where the principal place of business is of the publisher. So I would submit the court could look to that and say clearly there was a reasonable basis because of the difference in the language between forum and venue, forum and choice of law, and also because we have record evidence that the publishing agreement was subsequently amended twice. And even after Cengage had a Massachusetts office, they did not change the choice of law. We've also asserted to the court. What disagreement is there here in this case between the parties regarding how to construe the contract on which New York and Massachusetts law are at variance? What I would say is that I think the law is clear. Northeast data is a good example of that, which Judge Galpe cited. I was going to ask you that. I think that's a good example of it, that if you have a New York choice of law, 93A would be barred if this is essentially a contract case. And in our view, and Judge Stern's found that. Why is that? It just says the agreement will be governed and construed. Okay. They agree with you. We'll construe the agreement in accordance with New York law. But then what if they, in implementing the contract, commit some fraud? Suppose they whited out the invoices that they'd had and wrote in lower numbers and sent those to you. That might well be a breach of contract, but it would also be fraud. There's nothing in this contract that says that the relationship between the parties will be governed by New York law. Two points in response to your question, Judge. One is, if you read paragraph 80 of the complaint, it specifically alleges that this is a case about underpayment of royalties in violation of the respective publishing agreements. No matter what adjectives they want to use, that's what the complaint says. Yes, but they also allege misstatements of fact, misleading conduct, covering up stuff. They don't just say that you breached a contractual duty for which there's strict liability. They say you did this other stuff about the way you did it. There is no obligation. But anyhow, we're getting beyond. Let's assume that we do read the contract as alleging untoward, fraudulent, misleading, unfair contact. What is it about this clause on choice of law that would preclude that claim from being brought, given that it doesn't say that the relationship between the parties will be governed? Two answers. I think under Northeast data and Judge Stern's biomechanics decision, which I believe is well reasoned as well, and his decision in this case, that if this is fundamentally at its essence a breach of contract case, which we would assert that it is, and nothing more than embroidered claims of to try to get around the clause, then that clause absolutely governs this case. When you say it governs this case, the contract says it governs the agreement. This case is fundamentally about what is required under the publishing agreement, which has a clause, I think it's Paragraph 4, regarding payment of royalties. Let me go this way. And a clause, Paragraph 5. What language in the contract says that New York law governs anything other than the agreement and construction of the agreement? The only way for the court to evaluate whether there is a royalty statement that complies or does not comply with the contract, or a royalty payment which is proper or improper, is to construe this agreement. And to suggest that there's something else going on in this complaint, I think, is simply wrong. Well, take my example. Suppose the agreement said, we'll pay you 10% of all the proceeds we get from our sales, and we'll send you our invoices so you can verify. No dispute. That's what the contract says. Parties agree that's what the contract says. What they do is they get their invoices. They then white out the price on the invoice and write in a lower price and send those and say, here, we owe you 10% of that. Okay? That's the case. Okay. And I have two answers to that. Well, I haven't even asked the question. Oh, sorry. I apologize, Your Honor. There's your case. What then happens if they bring a fraud claim? If they brought a fraud claim, we'd have to evaluate that. But I keep going back to the fact that they have to plausibly – I told you to evaluate it, but what's the answer? Can they bring a fraud claim? I would say under the facts of this complaint, no, because there's no allegation of fraud. Go back to my – I didn't say the facts of this complaint. I said I gave you a hypothetical. They commit pure fraud, which would also be a violation of 93A. Why can't they bring that claim? I think if there was a case that is outside of interpreting what this contract requires or doesn't require, which is what this contract does, what do you have to report? In the contract. What do you have to pay? In the contract. As long as it's within those four corners, the 93A is gone by the choice of law. If there's something that is outside of the contract, it's not unremarkable. There are many cases that say if you have a claim that is outside of the contractual duties, then perhaps it would not be barred. I think it's really important here, again, to this plausibly alleged piece, because they want to highlight and cherry-pick some of their conclusory adjectives. But understand this when you go back and think about this, please. They concede that these statements are understandable if you have expertise in the publishing industry. Paragraph 37 of the complaint. There's no question, and they allege that this is a statement that's more than 300 pages. This author had many, many titles. It is complex, and you need expertise to look at that. The fact that maybe he did or didn't doesn't change the fact that they concede in paragraph 37 that if you have expertise, you can understand it. Two, they also concede that this is a case about errors. They can talk about motive all they want. Those are the embroidered claims that Judge Stearns talks about. But this is a case about errors. And they concede in paragraph 33, sometimes the errors go in the author's favor. And you know what happens? They give them the money. Sometimes they go in the publisher's favor, and they correct that as well. This is hardly the stuff of 93A, because if you make an error and you correct it, that's what you should be doing. Last point I'd make, I know my time is getting close here. If the court is going to look at this issue, I would commend to your attention, Judge Stearns did not reach it, did not think he needed to look at it, but we attached as an exhibit to the Aguilar affidavit an email exchange between Mr. Kleiner and my clients, which we believe is referenced in paragraph 82 of the complaint. So we think it's appropriate for you to look at it just like it's appropriate to look at the publishing agreement. And if you look at that, what he says very clearly, I think this dispute is a breach of contract. That's what he says. And I'm going to have my lawyer call you. He also, if you go through that back and forth, none of the adjectives are true. This is a company that's trying to get it right, that's trying to fix everything, that's being completely responsive to his concerns. This is the quintessential case where, at least with respect to the issue that gave rise to this case, as it revealed in the email, that this is a good faith dispute as to whether a royalty is due. A royalty, by the way, that Kleiner says in those emails is de minimis. Let me ask, this is a question Judge Lynch asked opposing counsel, but this is a 12B6 stage. Shouldn't this case proceed to discovery? It might be very well plausible that there is a 93A claim. If not, then on summary judgment, it's after a couple of depositions or interrogatories, it's going to be clear. So a couple of answers to that question, Judge. First answer is, in order to get to a discovery phase, they needed to plausibly allege facts, which would put into question the choice of law, and we would add, and we certainly briefed this, plausibly support a 93A. And for some of the reasons I've outlined, the fact that mistakes are corrected, this is clearly just errors, you can understand the statements if you know what you're looking at. They have not plausibly alleged a claim on either count, and therefore the motion to dismiss was properly allowed. That's the first point. The second point is, this court needs to be very careful about putting out a rule that says, you know what, plaintiff, even if there's a choice of law in the contract, if you just don't put it in your complaint, if you just pretend it doesn't exist, if you just ignore it, you'll not be subject to a motion to dismiss, and you will be able to get discovery and leverage the burden of that discovery and this putative class action in order to get a deal. And so the law should not be that you can have a complaint that is devoid of even mentioning the choice of law provision, which is clearly in the agreement, again, undisturbed in two amendments, and get to discovery. And I would urge the court to really think about that policy issue as you reflect on this case. Unless there are any other questions, thank you very much, Your Honors. Thank you. Thank you, counsel. At this time, would Attorney Weingarten please reintroduce himself on the record? I proceed. Richard Weingarten on behalf of Plaintiff Appellant Fred Kleiner. I'd just like to make two points to the court. First, with regard to Senge's argument about who the burden was on in order to and whether or not Mr. Kleiner should have alleged in the complaint itself that the choice of law provision was unenforceable or inapplicable, we did not include a breach of contract claim. And while the existence of the contract is relevant to the parties' relationship, it's our position that it does not govern the 93A claim. So there was no practical reason for us to include allegations in the complaint that the provision was unenforceable. Senge did not cite any case law in opposition to this appeal that the burden was on Mr. Kleiner to make those allegations, and we're not otherwise aware of any. And your client is not contesting or disputing anything in the agreement? Correct. The second issue that I just want to address was Senge's reference to the fact that sometimes payment errors are made in favor of authors as opposed to in favor of Senge. This doesn't change the overarching nature of Senge's misconduct, which is the creation of reporting and payment obstacles that confuse Mr. Kleiner and its other authors, and then the exploitation of those obstacles to gain economic and tactical advantages in their relationship. And with so many authors, it's just simply a numbers game for Senge. Maintaining the status quo will always be much more significantly lucrative, notwithstanding that some of those minor errors might be in favor of authors. And as we state in our brief, such a disproportionately small concession like this could be seen as actually furthering the cover-up because it provides implausible deniability, which we're actually attempting to use right now. Unless the Court has any further questions, we'll answer. I do, I do, I do. So your brother makes the point as a matter of policy where a dispute arises out of a contract, whether the claim is a 93A claim or a contract claim, and the contract has a choice of law provision. Plaintiffs should be discouraged from not revealing to the Court that there is a choice of law provision, which the plaintiffs know very well is going to be the first response from defendants and putting in any plausible arguments that under the restatement or under Massachusetts law, it does not apply. So is there a case law saying choice of law provision is a defense that must be affirmatively pled by defendant? I'm not aware of any case law which says that it needs to be in there. But more importantly, I'm not aware of any case law which puts that burden on the plaintiff in this scenario. While Cengage might prefer that to be the case, I'm not aware of case law which requires it. And it's a different scenario, which I believe that Cengage's counsel brought up during his argument, if this was brought as a pure breach of contract case. Now, I agree, if this was brought purely as a breach of contract case, and there's a choice of law provision that exists in that contract, which would preclude something, a claim being made, that's one scenario. But we are not bringing a breach of contract claim. We are bringing a 93A claim. I understand you to be implicitly conceding that while New York may recognize a variety of cases, a variety of fraud as to execution and maintenance of a contractual relationship, you are purely basing your claim not on any such New York law, but only on 93A? That's correct, Your Honor, only under 93A. And is that because 93A has a provision for counsel fees, but New York law would not have permitted that? No, it's because the 93A claim is the most applicable to the claim being made by Mr. Kleiner, who is, Cengage is based in Massachusetts, and Mr. Kleiner has worked in Massachusetts his entire professional life. That's the reason why this case is being brought in Massachusetts under 93A. It has nothing to do with attorney's fees. He has since moved from Massachusetts, and the claim is diversity jurisdiction, correct? There is diversity jurisdiction. He lives in Connecticut. He has always lived in Connecticut, but he worked for Boston University his entire professional career. Okay. Thank you. Thank you.